UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RASHEED HINTON and CRYSTAL CLARK and as Co-Special
Administrators of the Estate of RAKELL HINTON, a minor, deceased,

            Plaintiffs,

     v.

ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL
GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP
individually and/or by and through its agents and/or employee including
without limit doctors, nurses, medical providers, MARIE-TERESA
CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D.,
ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE
CARTER, R.N., SHARON A. WALLACE WILLIAMS,
GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA,
MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N.,
MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO,
R.N., and/or others; MARIE-TERESA CHRISTOPHE COLBERT,
M.D. individually and/or as an agent of ADVOCATE HEALTH
HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY
HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a
ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO
FAMILY HEALTH CENTER, INC; LISA DE JUANA DANIEL, M.D.
individually and/or as an agent of ADVOCATE HEALTH HOSPITALS
CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a
ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S
MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC.,
ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN
ONLY HEALTHCARE, INC; ASTER LOHA,R.N. individually and/or
as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION
d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL
GROUP; NAOMI O. SANNI, R.N. individually and/or as an agent of
ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL
GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP;
MONICA NICHELE CARTER, R.N. individually and/or as an agent of
ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL
GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP;
SHARON A. WALLACE WILLIAMS individually and/or as an agent
of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL
GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP;
GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA

No. 21 C 1681

Judge

Formerly Case No.
19 L 14017 Circuit
Court of Cook
County, Illinois

individually and/or as an agent of ADVOCATE HEALTH HOSPITALS )
CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a )
ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; MARSHA ANGELLA RODNEY, R.N. )
individually and/or as an agent of ADVOCATE HEALTH HOSPITALS )
CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a )
ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; LUCY N. KARBEAH, R.N. individually and/or )
as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION )
d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL )
GROUP; MARJORIE GINOY MICHEL, M.D. individually and/or as )
an agent of ADVOCATE HEALTH HOSPITALS CORPORATION )
d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL )
GROUP and/or CHICAGO FAMILY HEALTH CENTER, INC; DARA )
THERESE NUZZO, R.N., individually and/or as an agent of )
ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a )
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL )
GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; )
CHICAGO FAMILY HEALTH CENTER, INC individually and/or by )
and through its agents and/or employee including without limit doctors, )
nurses, medical providers MARIE-TERESA CHRISTOPHE )
COLBERT, M.D., LISA DE JUANA DANIEL, M.D., MARJORIE )
GINOY MICHEL, M.D., and/or others; ADVANCED GYNE & )
COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, )
INC individually and/or by and through its agents and/or employee )
including without limit doctors, nurses, medical providers LISA )
DE JUANA DANIEL, M.D. and/or others, )
                                        Defendants. )

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:     Clerk of the Circuit Court              Brian LaCien
        Richard J. Daley Center, Room 1001      Smith Lacien LLP
        50 West Washington Street               70 W Madison St Ste. 2250
        Chicago, Illinois 60602                 Chicago Illinois 60602

        Barker Castro Kuban & Stein
        303 W Madison St., Suite 700
        Chicago Illinois 60606

        The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On February 24, 2021 plaintiffs Rasheed Hinton and Crystal Clark and as Co-Special Administrators of the Estate of Rakell Hinton, a minor, deceased, filed an amended complaint in the above civil action against Chicago Family Health Center, Marie-Teresa Christophe Colbert, M.D., and Lisa De Juana Daniel, M.D., as well as others, alleging medical malpractice.  A copy of the first amended state court complaint is attached as Exhibit A.  For purposes of this lawsuit, Chicago Family Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233.  Exhibit B.  In addition, Drs. Colbert and Daniel were acting within the scope of their employment at the Chicago Family Health Center with respect to the incidents referred to in the complaint.  *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Chicago Family Health Center was a private entity deemed to be an employee of the Public Health Service and that defendants Drs. Colbert and Daniel were acting within the scope of their employment at the Chicago Family Health Center with respect to the incidents referred to in the complaint. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States as to the above-identified defendants, and the United States is substituted as the sole

federal party defendant in place of defendants Chicago Family Health Center, Marie-Teresa Christophe Colbert, M.D., and Lisa De Juana Daniel, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of defendants Chicago Family Health Center, Marie-Teresa Christophe Colbert, M.D., and Lisa De Juana Daniel, M.D.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Danielle Anne Phillip
DANIELLE ANNE PHILLIP
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2039
danielle.phillip@usdoj.gov

# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISON

| | | |
|---|---|---|
| RASHEED HINTON and CRYSTAL CLARK<br>and as Co-Special Administrators of the Estate of RAKELL<br>HINTON, a minor, deceased, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | **JURY DEMANDED** |
| v. | ) <br> ) | No. 19 L 14017 |
| ADVOCATE HEALTH AND HOSPITALS<br>CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL,<br> d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE<br>CHILDREN'S MEDICAL GROUP individually and/or by<br>and through its agents and/or employee including without<br>limit doctors, nurses, medical providers, MARIE-TERESA<br>CHRISTOPHE COLBERT, M.D., LISA DE JUANA<br>DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI,<br>R.N., MONICA NICHELE CARTER, R.N.,   SHARON A.<br>WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a<br>NINA GUADALUPE GARCIA, MARSHA ANGELLA<br>RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE<br>GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N.,<br>and/or others; MARIE-TERESA CHRISTOPHE COLBERT,<br>M.D. individually and/or as an agent of<br>ADVOCATE HEALTH HOSPITALS CORPORATION<br>d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a<br>ADVOCATE MEDICAL GROUP d/b/a ADVOCATE<br>CHILDREN'S MEDICAL GROUP, and/or CHICAGO<br>FAMILY HEALTH CENTER, INC; LISA DE JUANA<br>DANIEL, M.D. individually and/or as an agent of<br>ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a<br>ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE<br>MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S<br>MEDICAL GROUP, CHICAGO FAMILY HEALTH<br>CENTER, INC., ADVANCED GYNE & COSMETIC<br>CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC;<br>ASTER LOHA,R.N. individually and/or as an agent<br>of ADVOCATE HEALTH HOSPITALS CORPORATION<br>d/b/a ADVOCATE TRINITY HOSPITAL,<br>d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE<br>CHILDREN'S MEDICAL GROUP;<br>NAOMI O. SANNI, R.N. individually and/or as an agent of<br>ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

1

ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; MONICA NICHELE CARTER, )
R.N. individually and/or as an agent of ADVOCATE )
HEALTH HOSPITALS CORPORATION d/b/a )
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; SHARON A. )
WALLACE – WILLIAMS individually and/or as an )
agent of ADVOCATE HEALTH HOSPITALS )
CORPORATION d/b/a ADVOCATE TRINITY )
HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP )
d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; )
GUADALUPE GARCIA a/k/a NINA GUADALUPE )
GARCIA individually and/or as an agent of ADVOCATE )
HEALTH HOSPITALS CORPORATION d/b/a )
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; MARSHA ANGELLA )
RODNEY, R.N. individually and/or as an agent of )
ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a )
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; LUCY N. KARBEAH, R.N. )
individually and/or as an agent of ADVOCATE HEALTH )
HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY )
HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a )
ADVOCATE CHILDREN'S MEDICAL GROUP; )
MARJORIE GINOY MICHEL, M.D. individually and/or as )
an agent of ADVOCATE HEALTH HOSPITALS )
CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, )
d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE )
CHILDREN'S MEDICAL GROUP and/or CHICAGO )
FAMILY HEALTH CENTER, INC; DARA THERESE )
NUZZO, R.N., individually and/or as an agent of )
ADVOCATE HEALTH HOSPITALS CORPORATION )
d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a )
ADVOCATE MEDICAL GROUP d/b/a ADVOCATE )
CHILDREN'S MEDICAL GROUP; CHICAGO FAMILY )
HEALTH CENTER, INC individually and/or by and through )
its agents and/or employee including without limit doctors, )
nurses, medical providers MARIE-TERESA CHRISTOPHE )
COLBERT, M.D., LISA DE JUANA DANIEL, M.D., )
MARJORIE GINOY MICHEL, M.D., and/or others; )
ADVANCED GYNE & COSMETIC CARE, and/or )

FOR WOMEN ONLY HEALTHCARE, INC individually    )
and/or by and through its agents and/or employee including    )
without limit doctors, nurses, medical providers LISA    )
DE JUANA DANIEL, M.D. and/or others;    )

## FIRST AMENDED COMPLAINT

Now Come the Plaintiffs, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, Deceased, by and through their attorneys, SMITH LACIEN LLP and hereby complaining of Defendants ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP individually and/or by and through its agents and/or employee including without limit doctors, nurses, medical providers, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others; MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC; LISA DE JUANA DANIEL, M.D. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC., ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; NAOMI O. SANNI, R.N. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; MONICA NICHELE CARTER, R.N. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; SHARON A. WALLACE – WILLIAMS individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; MARSHA ANGELLA RODNEY, R.N. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; LUCY N. KARBEAH, R.N. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; MARJORIE

GINOY MICHEL, M.D. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP and/or CHICAGO FAMILY HEALTH CENTER, INC; DARA THERESE NUZZO, R.N., individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; CHICAGO FAMILY HEALTH CENTER, INC individually and/or by and through its agents and/or employee including without limit doctors, nurses, medical providers MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., MARJORIE GINOY MICHEL, M.D., and/or others; ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC individually and/or by and through its agents and/or employee including without limit doctors, nurses, medical providers LISA DE JUANA DANIEL, M.D. and/or others, pleading hypothetically and in the alternative states as follows:

## COMMON ALLEGATIONS

1. On or about January 3, 2018 through January 7, 2018, and at all times material, Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, (hereinafter ADVOCATE) was a licensed hospital and a corporation duly organized and existing under the laws of the State of Illinois doing regular and continuous business in Cook County Illinois.

2. On or about January 3, 2018 through January 7, 2018, and at all times material, Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. was a licensed physician in the State of Illinois, doing regular and continuous business in Cook County, State of Illinois.

3. On or about January 3, 2018 through January 7, 2018, and at all times material, Defendant, LISA DE JUANA DANIEL, M.D. was a licensed physician in the State of Illinois, doing regular and continuous business in Cook County, State of Illinois.

4. On or about January 3, 2018 through January 7, 2018, and at all times material, Defendant, MARJORIE GINOY MICHEL, M.D. was a licensed physician in the State of Illinois, doing regular and continuous business in Cook County, State of Illinois.

5. On or about January 3, 2018 through January 7, 2018, and at all times material, Defendant CHICAGO FAMILY HEALTH CENTER, INC, (hereinafter referred to as "CHICAGO FAMILY HEALTH") was a corporation duly organized and existing under the laws of the State of Illinois doing regular and continuous business in City of Chicago, State of Illinois.

6. On or about January 3, 2018 through January 7, 2018, and at all times material, Defendants ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC (hereinafter collectively referred to as "WOMEN HEALTHCARE") were corporations duly organized and existing under the laws of the State of Illinois doing regular and continuous business in City of Chicago, State of Illinois.

7. On or about January 7, 2018, and at all times material, RAKELL HINTON was born at and died at DEFENDANT ADVOCATE.

8. On or about January 3, 2018 through January 7, 2018, and at all times material, PLAINTIFF RASHEED HINTON resided in Cook County Illinois was the natural father of RAKELL HINTON, a minor deceased.

9. On or about January 3, 2018 through January 7, 2018, and at all times material, PLAINTIFF CRYSTAL CLARK resided in Cook County Illinois was the natural father of RAKELL HINTON, a minor deceased.

10. On or about January 3, 2018 and at all times material, PLAINTIFF CRYSTAL CLARK was admitted to DEFENDANT ADVOCATE for the scheduled delivery of RAKELL HINTON, a minor deceased, which occurred by caesarian section on January 7, 2018.

11. From January 3, 2018 through January 7, 2018, PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased received care, treatment, assessment and evaluation from DEFENDANT ADVOCATE and from doctors, nurses, medical providers at DEFENDANT ADVOCATE including without limit MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others.

12. On or about January 3, 2018 through January 7, 2018, and at all times material, Defendant, ADVOCATE employed certain nurses that were involved in and provided care, treatment, assessment and evaluation to PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased, including ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others.

13. On or about January 3, 2018 and at all times material, PLAINTIFF CRYSTAL CLARK presented at 40.6 weeks gestation  for induction of labor to ADVOCATE.  She was 30% effaced, and -3 station.  Fetal heart tones were in the 140's. The first dose of Cervidil was inserted at 1300.

14. On or about January 4, 2018 and at all times material, a second dose of Cervidil was given at 0400 due to lack of progression. At 1931, an examine was performed and Foley catheter was inserted. PLAINTIFF CRYSTAL CLARK was still only a fingertip dilated. Low dose Pitocin was started at 2158.

15. On or about January 5, 2018 and at all times material, fetal heart tracings were a Category II with brief decelerations but with recovery. Pitocin drip was increased per nursing at 0913 and then discontinued due to decelerations at 0930. Pitocin was restarted at 1246 and discontinued at 1408. At 1506, a vaginal exam was performed and PLAINTIFF CRYSTAL CLARK was dilated to 1 cm/-2 station. A third dose of Cervidil was given at 1503.

16. On or about January 5, 2018 and at all times material, DEFENDANTS MARSHA ANGELLA RODNEY, R.N., NAOMI O. SANNI, R.N., LUCY N. KARBEAH, R.N., LISA DE JUANA DANIEL, M.D. MARIE-TERESA CHRISTOPHE COLBERT, M.D., ADVOCATE, CHICAGO FAMILY HEALTH, WOMEN HEALTHCARE and/or others were involved in and provided care, treatment, assessment and evaluation to PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased.

17. On or about January 6, 2018 and at all times material, PLAINTIFF CRYSTAL CLARK remained at fingertip dilated, 30% effaced, and -3 station. Cytotec, was given at 0400. At 1100, fetal heart rate was documented as Category II with minimal variability and late decelerations. Oxygen was applied to PLAINTIFF CRYSTAL CLARK at 1100. At 1200, PLAINTIFF CRYSTAL CLARK's membranes was ruptured. PLAINTIFF CRYSTAL CLARK was only 1 cm dilated, 50% effaced and minus 3 station. A fetal scalp electrode and IUPC was inserted. From 1242 to 1324, late decelerations and category II tracing were documented. Pitocin was restarted at 1400. At 1525, uterine coupling and petany was present. At 1700, nurses charted minimal variability and category II tracing. At 1927 an EASI Catheter was placed.

18. On or about January 6, 2018 and at all times material, DEFENDANTS MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, MARJORIE GINOY MICHEL, M.D., ASTER LOHA, R.N., LUCY N. KARBEAH, R.N., LISA DE JUANA DANIEL, M.D. MARIE-TERESA CHRISTOPHE COLBERT, M.D., ADVOCATE, CHICAGO FAMILY HEALTH, WOMEN HEALTHCARE and/or others were involved in and provided care, treatment, assessment and evaluation to PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased.

19. On or about January 7, 2018 and at all times material, fetal tracings continued to reveal intermittent late decelerations and minimal variability. At 0200, Pitocin was discontinued and prophylactic Ancef was given at 0445, and maternal temperature was recorded as 99.1 F. At 0500, Pitocin was restarted. Pitocin continued to be increased, in spite of late and prolonged decelerations, decreased variability and fetal tachycardia up to 1034. At 1130, the cervix was still only 2 cm dilated and minus 2 station. Beginning at 1300 the decelerations became even worse including prolonged decelerations. At 1500, PLAINTIFF CRYSTAL CLARK spiked a fever of 100.4 F. At about 1700, PLAINTIFF CRYSTAL CLARK started vomiting and had diarrhea and a foul odor. An order was then entered to prepare for a cesarean section due to fever, failure to progress remote from delivery. At 1830, PLAINTIFF CRYSTAL CLARK was taken to the operating room for a cesarean section due to failure to progress, Category II tracing and fever. The infant was delivered at 1854 with Apgars 0/0. Resuscitative efforts were unsuccessful and RAKELL HINTON, a minor deceased died approximately 25 minutes after delivery at 1929 from infection and likely ongoing fetal hypoxia.

6

20. On or about January 7, 2018 and at all times material, DEFENDANTS SHARON A. WALLACE – WILLIAMS, MARJORIE GINOY MICHEL, M.D., LISA DE JUANA DANIEL, M.D., GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, ADVOCATE, CHICAGO FAMILY HEALTH, WOMEN HEALTHCARE, DARA THERESE NUZZO, R.N., and/or others were involved in and provided care, treatment, assessment and evaluation to PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased.

21. 22. On or about January 5, 2018 through January 7, 2018, and at all times material, ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others were agents and/or employees of DEFENDANT ADVOCATE

22. On or about January 5, 2018 through January 7, 2018, and at all times material, the care, treatment, assessment and evaluation to PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased by ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others was in the course and scope of their employment with DEFENDANT ADVOCATE.

23. On or about December 27, 2019, and earlier a Form 95 was timely submitted for this cause of action, and receipt of that Form 95 was stamped December 27, 2019. To date, the federal government has not rejected the claim.

24. On or about March 12, 2020, LISA DE JUANA DANIEL, M.D., MARJORIE GINOY MICHEL, M.D., MARIE-TERESA CHRISTOPHE COLBERT, M.D. and CHICAGO FAMILY HEALTH CENTER were dismissed from the Complaint at Law without prejudice and with the right to refile against LISA DE JUANA DANIEL, M.D., MARJORIE GINOY MICHEL, M.D., MARIE-TERESA CHRISTOPHE COLBERT, M.D. and CHICAGO FAMILY HEALTH CENTER pursuant to an Agreed Order with counsel for LISA DE JUANA DANIEL, M.D., MARJORIE GINOY MICHEL, M.D., MARIE-TERESA CHRISTOPHE COLBERT, M.D. and CHICAGO FAMILY HEALTH CENTER.

## COUNT I
## Wrongful Death
## (ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, ADVOCATE, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, ADVOCATE, employed doctors, nurses, medical providers and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others.

27. On or about January 3, 2018 through January 7, 2018, and/or at all times material, the doctors, nurses, medical providers and/or agents including, without limit MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others were acting in the course and scope of their employment with Defendant, ADVOCATE, when they provided PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased with care, treatment, assessment and evaluation.

28. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, ADVOCATE individually and/or by and through its doctors, nurses, medical providers, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N. and/or others provided health care and treatment to PLAINTIFF CRYSTAL CLARK and RAKELL HINTON, a minor deceased.

29. On or about January 5, 2018 through January 7, 2018, and/or at all times material, ADVOCATE individually, were then and there negligent in: failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols.

30. On or about January 5, 2018 through January 7, 2018, and/or at all times material, ADVOCATE by and through its doctors, medical providers, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., MARJORIE GINOY MICHEL, M.D., and/or others, and each of them, were then and there negligent in one or more of the following respects:

   a. failing to have, implement, follow and/or require the adherence to reasonable policies, procedures and protocols;
   b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;
   c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints
   k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;
   n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;
   o. failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;
   p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or
   q. Were otherwise negligent.

31. On or about January 5, 2018 through January 7, 2018, and/or at all times material, ADVOCATE by and through its nurses, medical providers, and/or agents including, without limit, ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., DARA THERESE NUZZO, R.N. and/or others, and each of them, were then and there negligent in one or more of the following respects:

   a. failing to have, implement, follow and/or require the adherence to reasonable policies, procedures and protocols;

   b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

   c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints

   k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

   m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

   n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

   o. failing to timely advocate that RAKELL HINTON received a timely cesarean delivery;

   p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not advocating for RAKELL HINTON to receive a timely cesarean delivery; and/or

   q. Were otherwise negligent.

32. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, ADVOCATE individually and/or by and through its doctors, nurses, medical providers, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N. and/or others, and each of them, RAKELL HINTON suffered injury and died.

33. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, ADVOCATE individually and/or by and through its doctors, nurses, medical providers, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N. and/or others, and each of them, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

34. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

35. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

36. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

37. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK as Co-Special

Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their

attorneys, SMITH LACIEN LLP, demands judgment against Defendants, ADVOCATE HEALTH

AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a

ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP,

individually and/or by and through its doctors, nurses, medical providers, and/or agents including without limit MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N. and/or others, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT II
## Wrongful Death
## (ASTER LOHA, R.N.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, ASTER LOHA, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, ASTER LOHA, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

    a.  failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;

    b.  failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

    c.  failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    d.  failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    e.  failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    f.  failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    g.  failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    h.  failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

    i.  failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    j.  failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints

13

k.  failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l.  failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

m.  failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n.  failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o.  failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p.  Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q.  Were otherwise negligent.

27. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, ASTER LOHA, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

28. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, ASTER LOHA, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

31. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

32. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK   and   as   Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, ASTER LOHA, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT III
## Wrongful Death
## (NAOMI O. SANNI, R.N.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, NAOMI O. SANNI, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, NAOMI O. SANNI, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;
b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;
c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints
k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

16

l.   failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m.  failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n.   failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o.   failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p.   Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q.   Were otherwise negligent.

27. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, NAOMI O. SANNI, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

28. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, NAOMI O. SANNI, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

31. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

32. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, NAOMI O. SANNI,

R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT IV
## Wrongful Death
## (MONICA NICHELE CARTER, R.N.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, MONICA NICHELE CARTER, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, MONICA NICHELE CARTER, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

   a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;
   b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;
   c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
   j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints
   k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

19

l.  failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

m.  failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n.  failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o.  failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p.  Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q.  Were otherwise negligent.

27. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, MONICA NICHELE CARTER, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

28. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, MONICA NICHELE CARTER, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

31. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

32. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, MONICA NICHELE CARTER, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT V
## Wrongful Death
## (SHARON A. WALLACE-WILLIAMS, R.N.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, SHARON A. WALLACE-WILLIAMS, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

24. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, SHARON A. WALLACE-WILLIAMS, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;
b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;
c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;
i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints
k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

l.  failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m.  failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n.  failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o.  failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p.  Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q.  Were otherwise negligent.

25. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, SHARON A. WALLACE-WILLIAMS, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

26. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, SHARON A. WALLACE-WILLIAMS, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

27. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

28. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

29. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

30. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, SHARON A. WALLACE-WILLIAMS, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT VI
## Wrongful Death
## (GUADALUPE GARCIA A/K/A NINA GUADALUPE GARCIA)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, GUADALUPE GARCIA A/K/A NINA GUADALUPE GARCIA individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, GUADALUPE GARCIA A/K/A NINA GUADALUPE GARCIA individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

  a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;
  b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;
  c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
  d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
  e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
  f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
  g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
  h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
  i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
  j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints
  k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l.  failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m.  failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n.  failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o.  failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p.  Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q.  Were otherwise negligent.

27. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, GUADALUPE GARCIA A/K/A NINA GUADALUPE GARCIA individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

28. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, GUADALUPE GARCIA A/K/A NINA GUADALUPE GARCIA individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

31. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

32. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, GUADALUPE GARCIA A/K/A NINA GUADALUPE GARCIA individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT VII
## Wrongful Death
### (MARSHA ANGELLA RODNEY, R.N.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, MARSHA ANGELLA RODNEY, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, MARSHA ANGELLA RODNEY, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

    a.  failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;

    b.  failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

    c.  failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    d.  failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    e.  failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    f.  failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    g.  failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    h.  failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    i.  failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    j.  failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints

    k.  failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l.  failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

m.  failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n.  failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o.  failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p.  Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q.  Were otherwise negligent.

27. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, MARSHA ANGELLA RODNEY, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

28. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, MARSHA ANGELLA RODNEY, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

31. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

32. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, MARSHA ANGELLA RODNEY, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

**COUNT VIII**
**Wrongful Death**
**(LUCY N. KARBEAH, R.N.)**

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, LUCY N. KARBEAH, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, LUCY N. KARBEAH, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

    a.  failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;

    b.  failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

    c.  failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    d.  failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    e.  failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    f.  failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    g.  failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    h.  failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    i.  failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

    j.  failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints

    k.  failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l.   failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

m.   failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n.   failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o.   failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p.   Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q.   Were otherwise negligent.

27. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, LUCY N. KARBEAH, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

28. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, LUCY N. KARBEAH, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

31. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

32. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, LUCY N. KARBEAH, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT IX
## Wrongful Death
## (THERESE NUZZO, R.N.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and/or at all times material, Defendant, THERESE NUZZO, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

26. On or about January 5, 2018 through January 7, 2018, and/or at all times material, Defendant, THERESE NUZZO, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, were then and there negligent in one or more of the following respects:

    a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;
    b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;
    c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
    d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
    e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
    f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
    g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
    h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
    i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;
    j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints
    k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o. failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q. Were otherwise negligent.

27. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, THERESE NUZZO, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, RAKELL HINTON suffered injury and died.

28. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, THERESE NUZZO, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them,, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

29. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

31. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

32. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their

attorneys, SMITH LACIEN LLP, demands judgment against Defendants, THERESE NUZZO, R.N. individually and/or as an agent and/or employee of ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT X
## Wrongful Death
## (MARIE-TERESA CHRISTOPHE COLBERT, M.D.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. was an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC.

26. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. was acting in the course and scope of his employment and/or agency with ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC.

27. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, provided health care and treatment to PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased.

28. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

29. On or about January 5, 2018 through January 7, 2018, and at all time material, Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, and each of them was then and there negligent in one or more of the following respects:

a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;

b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints

k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o. failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q. Were otherwise negligent.

33. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, and each of them, RAKELL HINTON suffered injury and died.

34. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, and each of them, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK,

mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

35. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

36. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

37. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

38. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO        FAMILY HEALTH CENTER, INC, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT XI
### Wrongful Death
### (LISA DE JUANA DANIEL, M.D.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, LISA DE JUANA DANIEL, M.D. was an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC.

26. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, LISA DE JUANA DANIEL, M.D. was acting in the course and scope of his employment and/or agency with ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC.

27. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, LISA DE JUANA DANIEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., provided health care and treatment to PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased.

28. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, LISA DE JUANA DANIEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

29. On or about January 5, 2018 through January 7, 2018, and at all time material, Defendant, LISA DE JUANA DANIEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., and each of them was then and there negligent in one or more of the following respects:

a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;

b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints

k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased  signs, symptoms, condition and/or complaints;

m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o. failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q. Were otherwise negligent.

28. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, LISA DE JUANA DANIEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., and each of them, RAKELL HINTON suffered injury and died.

29. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, LISA DE JUANA DANIEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., and each of them, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

31. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

32. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

33. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, LISA DE JUANA DANIEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC. ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT XII
## Wrongful Death
## (MARJORIE GINOY MICHEL, M.D.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARJORIE GINOY MICHEL, M.D. was an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC.

26. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARJORIE GINOY MICHEL, M.D. was acting in the course and scope of his employment and/or agency with ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC.

27. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARJORIE GINOY MICHEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, provided health care and treatment to PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased.

28. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, MARJORIE GINOY MICHEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

29. On or about January 5, 2018 through January 7, 2018, and at all time material, Defendant, MARJORIE GINOY MICHEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, and each of them was then and there negligent in one or more of the following respects:
   a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;
   b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints

k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o. failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q. Were otherwise negligent.

28. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, MARJORIE GINOY MICHEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, and each of them, RAKELL HINTON suffered injury and died.

29. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, MARJORIE GINOY MICHEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, and each of them, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother;

RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

31. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

32. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

33. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants, MARJORIE GINOY MICHEL, M.D. individually and/or as an agent and/or employee of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT XIII
## Wrongful Death
## (CHICAGO FAMILY HEALTH CENTER, INC.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendants MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. were agents and/or employees of CHICAGO FAMILY HEALTH CENTER, INC.

26. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendants MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. were acting in the course and scope of their employment and/or agency with CHICAGO FAMILY HEALTH CENTER, INC.

27. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, CHICAGO FAMILY HEALTH CENTER, INC., was an Illinois corporation doing regular and continuous business in the State of Illinois that individually and/or by and through its doctors, nurses, medical providers, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. and/or others provided health care and treatment to PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased.

28. On or about January 3, 2018 through January 7, 2018, and at all time material, CHICAGO FAMILY HEALTH CENTER, INC., individually and/or by and through its doctors, nurses, medical providers, and/or agents, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. and/or others had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

27. On or about January 5, 2018 through January 7, 2018, and at all time material, Defendant, CHICAGO FAMILY HEALTH CENTER, INC., individually and/or by and through its doctors, nurses, medical providers, and/or agents, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. and/or others, and each of them was then and there negligent in one or more of the following respects:

   a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;
   b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;
   c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints

k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o. failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q. Were otherwise negligent.

28. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant, Defendant, CHICAGO FAMILY HEALTH CENTER, INC., individually and/or by and through its doctors, nurses, medical providers, and/or agents, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. and/or others, and each of them, RAKELL HINTON suffered injury and died.

29. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, CHICAGO FAMILY HEALTH CENTER, INC., individually and/or by and through its doctors, nurses, medical providers, and/or agents, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. and/or others, and each of them, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

31. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

32. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

33. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendant, CHICAGO FAMILY HEALTH CENTER, INC., individually and/or by and through its doctors, nurses, medical providers, and/or agents, and/or agents including, without limit, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D. and/or MARJORIE GINOY MICHEL, M.D. and/or others, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT XIV
## Wrongful Death
## (ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC.)

1-24. Plaintiff re-alleges and incorporates herein after by reference the allegations set forth in paragraph 1-24 of this Complaint.

25. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendants LISA DE JUANA DANIEL, M.D. was an agent and/or employee of ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC.

26. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendants LISA DE JUANA DANIEL, M.D. was acting in the course and scope of her employment and/or agency with ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC.

27. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant, ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., were Illinois corporations doing regular and continuous business in the State of Illinois that individually and/or by and through its doctors, nurses, medical providers, and/or agents including, without limit, LISA DE JUANA DANIEL, M.D. and/or others provided health care and treatment to PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased.

28. On or about January 3, 2018 through January 7, 2018, and at all time material, Defendant ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., individually and/or by and through its doctors, nurses, medical providers and/or agents including, without limit, LISA DE JUANA DANIEL, M.D. and/or others had a duty to possess and apply the knowledge and use the skill of reasonably well qualified health care provider under the same or similar circumstances.

27. On or about January 5, 2018 through January 7, 2018, and at all time material, Defendant ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., individually and/or by and through its doctors, nurses, medical providers and/or agents including, without limit, LISA DE JUANA DANIEL, M.D. and/or others, and each of them was then and there negligent in one or more of the following respects:

    a. failing to have, implement and/or require the adherence to reasonable policies, procedures and protocols;

    b. failing to reasonably examine and assess PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased;

    c. failing to adequately and/or timely investigate PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

d. failing to recognize the significance of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

e. failing to recognize changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

f. failing to recognize the significance of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

g. failing to adequately and timely diagnose PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

h. failing to adequately and timely recognize the need to make a timely diagnosis of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

i. failing to notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

j. failing to timely notify other medical providers of PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints

k. failing to notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

l. failing to timely notify other medical providers of changes in PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON a minor deceased signs, symptoms, condition and/or complaints;

m. failing to notify PLAINTIFF CRYSTAL CLARK of the significance of her and/or RAKELL HINTON's a minor deceased signs, symptoms, condition and/or complaints;

n. failing to notify PLAINTIFF CRYSTAL CLARK of the need for timely care, treatment and/or cesarean delivery of RAKELL HINTON a minor deceased;

o. failing to timely ensure that RAKELL HINTON received a timely cesarean delivery;

p. Continuing to provide PLAINTIFF CRYSTAL CLARK and/or RAKELL HINTON with certain unreasonable treatment and not ensuring that RAKELL HINTON received a timely cesarean delivery; and/or

q. Were otherwise negligent.

28. As a direct and proximate result of the aforementioned negligent acts and/or omissions of Defendant ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., individually and/or by and through its doctors, nurses, medical providers and/or agents including, without limit, LISA DE JUANA DANIEL, M.D. and/or others, and each of them RAKELL HINTON suffered injury and died.

29. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendant ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., individually and/or by and through its doctors, nurses, medical providers and/or agents including, without limit, LISA DE JUANA DANIEL, M.D. and/or others, and each of them, RAKELL HINTON a minor deceased, left surviving: CRYSTAL CLARK, mother; RASHEED HINTON father; and siblings: Rasheed Hinton, Rashaud Hinton, Raheem Hinton, Rakeem Hinton, Ramean Hinton, and Rasheeda Hinton.

30. Pursuant to Illinois Code of Civil Procedure, Section 2-622, the affidavit of Attorney for Plaintiff is attached hereto as "Exhibit A".

31. Pursuant to Illinois Code of Civil Procedure, Section 2-622, reports of healthcare professionals are attached hereto as "Exhibit B".

32. That as a proximate result of the death of RAKELL HINTON a minor deceased, his family have been deprived of the love, companionship, and emotional support and have suffered injuries of a personal and pecuniary nature, and suffered grief and sorrow.

33. RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, brings this cause of action on behalf of the Estate of the decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois.

WHEREFORE Plaintiff, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, by and through their attorneys, SMITH LACIEN LLP, demands judgment against Defendants ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC., individually and/or by and through its doctors, nurses, medical providers and/or agents including, without limit, LISA DE JUANA DANIEL, M.D. and/or others, and each of them, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000).

Respectfully Submitted,

SMITH LACIEN LLP

By:     /s/Brian LaCien
         One of the attorneys for the Plaintiff

Todd A. Smith
Brian LaCien
SMITH LACIEN LLP
70 W. Madison Street, Suite 2250
Chicago, Illinois 60602
Telephone:  312-509-8900
Atty. 64554
tsmith@smithlacien.com
blacien@smithlacien.com

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | **JURY DEMANDED** |
| v. | ) ) | No. 2019 L 014017 |
| ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP individually and/or by and through its agents and/or employee including without limit doctors, nurses, medical providers, MARIE-TERESA CHRISTOPHE COLBERT, M.D., LISA DE JUANA DANIEL, M.D., ASTER LOHA, R.N., NAOMI O. SANNI, R.N., MONICA NICHELE CARTER, R.N., SHARON A. WALLACE – WILLIAMS, GUADALUPE GARCIA a/k/a NINA GUADALUPE GARCIA, MARSHA ANGELLA RODNEY, R.N., LUCY N. KARBEAH, R.N., MARJORIE GINOY MICHEL, M.D., DARA THERESE NUZZO, R.N., and/or others; MARIE-TERESA CHRISTOPHE COLBERT, M.D. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, and/or CHICAGO FAMILY HEALTH CENTER, INC; LISA DE JUANA DANIEL, M.D. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP, CHICAGO FAMILY HEALTH CENTER, INC., ADVANCED GYNE & COSMETIC CARE, and/or FOR WOMEN ONLY HEALTHCARE, INC; ASTER LOHA,R.N. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; NAOMI O. SANNI, R.N. individually and/or as an agent of ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; MONICA NICHELE CARTER, )
R.N. individually and/or as an agent of ADVOCATE )
HEALTH HOSPITALS CORPORATION d/b/a )
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; SHARON A. )
WALLACE – WILLIAMS individually and/or as an )
agent of ADVOCATE HEALTH HOSPITALS )
CORPORATION d/b/a ADVOCATE TRINITY )
HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP )
d/b/a ADVOCATE CHILDREN'S MEDICAL GROUP; )
GUADALUPE GARCIA a/k/a NINA GUADALUPE )
GARCIA individually and/or as an agent of ADVOCATE )
HEALTH HOSPITALS CORPORATION d/b/a )
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; MARSHA ANGELLA )
RODNEY, R.N. individually and/or as an agent of )
ADVOCATE HEALTH HOSPITALS CORPORATION d/b/a )
ADVOCATE TRINITY HOSPITAL, d/b/a ADVOCATE )
MEDICAL GROUP d/b/a ADVOCATE CHILDREN'S )
MEDICAL GROUP; LUCY N. KARBEAH, R.N. )
individually and/or as an agent of ADVOCATE HEALTH )
HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY )
HOSPITAL, d/b/a ADVOCATE MEDICAL GROUP d/b/a )
ADVOCATE CHILDREN'S MEDICAL GROUP; )
MARJORIE GINOY MICHEL, M.D. individually and/or as )
an agent of ADVOCATE HEALTH HOSPITALS )
CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL, )
d/b/a ADVOCATE MEDICAL GROUP d/b/a ADVOCATE )
CHILDREN'S MEDICAL GROUP and/or CHICAGO )
FAMILY HEALTH CENTER, INC; DARA THERESE )
NUZZO, R.N., individually and/or as an agent of )
ADVOCATE HEALTH HOSPITALS CORPORATION )
d/b/a ADVOCATE TRINITY HOSPITAL, d/b/a )
ADVOCATE MEDICAL GROUP d/b/a ADVOCATE )
CHILDREN'S MEDICAL GROUP; CHICAGO FAMILY )
HEALTH CENTER, INC individually and/or by and through )
its agents and/or employee including without limit doctors, )
nurses, medical providers MARIE-TERESA CHRISTOPHE )
COLBERT, M.D., LISA DE JUANA DANIEL, M.D., )
MARJORIE GINOY MICHEL, M.D., and/or others; )
ADVANCED GYNE & COSMETIC CARE, and/or )
FOR WOMEN ONLY HEALTHCARE, INC individually )
and/or by and through its agents and/or employee including )

without limit doctors, nurses, medical providers LISA )
DE JUANA DANIEL, M.D. and/or others;                    )

## AFFIDAVIT

Affiant, BRIAN LACIEN, on behalf of Plaintiffs, Plaintiffs, RASHEED HINTON and CRYSTAL CLARK and as Co-Special Administrators of the Estate of RAKELL HINTON, a minor, Deceased, and being first duly sworn on oath, deposed and states:

1. That the affiant has consulted and reviewed the facts of the case with healthcare professionals who the affiant reasonably believe.

    a. Are knowledgeable in the relevant issues involved in the particular action;

    b. Practice or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of healthcare or medicine that is at issue in the particular action; and

    c. Are qualified by experience or demonstrated competence in the subject of the case; that the revieing health professionals have determined in a written report, after a review of the medical records and other relevant materials involve dint he particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professionals' review and consultation that there is a reasonable and meritorious cause of action for filing such action.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

FURTHER AFFIANT SAYETH NOT.


DATED: February 23, 2021



/s/Brian LaCien
Brian LaCien

3

# Statement of Merit

I, _____ am board certified in Obstetrics and Gynecology and Maternal-Fetal Medicine. I have over 30 years of labor and delivery experience and I am qualified to address the Standard of Care which applies to this case. I have worked within hospitals for decades and consulted on hospital policies relating to labor and delivery. I am familiar with policies and procedures for labor and delivery, and the updating of those policies to conform to the standard of care. I am familiar with the standard of care for hospitals as it pertains to labor and delivery, and the issues involved in this matter. I have also worked with nurses for decades and am familiar with the standard of care for nurses concerning labor and delivery and the issues involved in this matter. I have reviewed pre-natal records, fetal heart strips, mother and infant medical records pertaining to Crystal Clark (mother) and Rakell Hinton (infant) from Advocate Trinity Hospital as well as autopsy of Rakell Hinton. I am very familiar with the issues involved in this case based upon my education, training, and experience.

Ms. Clark has a negative past medical and surgical history. Her prenatal care was normal. Ultrasounds and non-stress tests were done on a regular bases and revealed normal growth pattern of the fetus. Fetal tracings were normal.

On 1/3/18, Ms. Clark presented at 40.6 weeks gestation for induction of labor at Advocate Trinity Hospital. Dr. Joseph Thomas explained the induction process and performed a sterile vaginal exam, which revealed finger-tip dilation, 30% effaced, and -3 station. Fetal heart tones were in the 140's. The first dose of Cervidil was inserted at 1300 on 1/3/18. On 1/4/18, Ms. Clark received a second dose of Cervidil at 0400 since she did not progress. At 1931, Dr. Marie Teresa Colbert performed a vaginal examand inserted a Foley catheter. Ms. Clark was still only a fingertip dilated. Low dose Pitocin was started at 2158. On 1/5/18, Fetal heart tracings were a Category II with brief decelerations but with good recovery. Pitocin drip was increased per nursing at 0913 and then discontinued due to decelerations at 0930. Pitocin was restarted at 1246 and discontinued at 1408. At 1506, Dr. Lisa Daniel preformed a vaginal exam and the patient was dilated to 1 cm/-2 station. Ms. Clark received a third dose of Cervidil at 1503. On 1/5/18, Nurse Marsha Rodney, Nurse Naomi Sanni, Nurse Lucy Karbeah, Dr. Lisa

Daniel and Dr. Marie Teresa Colbert were involved in and provided care, treatment, assessment and evaluation.

On 1/6/18, Ms. Clark remained at fingertip dilated, 30% effaced, and -3 station. Dr. Daniel was notified and ordered Cytotec, which was given at 0400. At 1100, fetal heart rate was documented as Category II with minimal variability and late decelerations. Oxygen was applied to Ms. Clark at 1100. At 1200, Dr. Daniel ruptured Ms. Clark's membranes. Ms. Clark was only 1 cm dilated, 50% effaced and minus 3 station. Dr. Daniel inserted a fetal scalp electrode and IUPC. From 1242 to 1324, late decelerations and category II tracing were documented. Pitocin was restarted at 1400. At 1525, uterine coupling and petany was present. At 1700, nurses charted minimal variability and category II tracing. At 1927 Dr. Colbert placed a EASI Catheter. On 1/6/18, Nurse Lucy Karbeah, Dr. Lisa Daniel Nurse Aster Loha, Dr. Marjorie Michel, Nurse Sharon Wallace Williams, Nurse Monica Carter and Dr. Marie Teresa Colbert were involved in and provided care, treatment, assessment and evaluation.

On 1/7/18, fetal tracings continued to reveal intermittent late decelerations and minimal variability. At 0200, Pitocin was discontinued and prophylactic Ancef was given at 0445, and maternal temperature was recorded as 99.1 F. At 0500, Pitocin was restarted. Pitocin continued to be increased, in spite of late and prolonged decelerations, decreased variability and fetal tachycardia up to 1034. At 1130, the cervix was still only 2 cm dilated and minus 2 station. Beginning at 1300 the decelerations became even worse including prolonged decelerations. At 1500, Ms. Clark spiked a fever of 100.4 F. At about 1700, the mother started vomiting and had diarrhea and a foul odor. Dr. Daniel was notified by nursing and ordered to prepare for a cesarean section due to fever, failure to progress remote from delivery. At 1830, Ms. Clark was taken to the operating room for a cesarean section due to failure to progress, Category II tracing and fever. The infant was delivered at 1854 with Apgars 0/0. Resuscitative efforts were unsuccessful and Rakell Hinton expired approximately 25 minutes after delivery at 1929. On 1/7/18, Dr. Lisa Daniel, Nurse Guadalupe Garcia, Dr. Marjorie Michel, Nurse Sharon Wallace Williams, and Nurse Dara Nuzzo were involved in and provided care, treatment, assessment and evaluation.

Post-op Ms. Clark was transferred to the ICU due to septic shock. While in the ICU, she developed respiratory failure and acute kidney failure. Ms. Clark was initially started on triple antibiotic therapy but later changed to Zosyn and Flagyl antibiotics. She eventually recovered and was discharged to home on 1/16/18.

It is my opinion, based upon a reasonable degree of medical certainty, that Drs. Lisa Daniel, Marjorie Michel, and Marie Teresa Colbert failed to utilize the knowledge and exercise the skills of a reasonably careful obstetrician. Specifically, it is my opinion, that Drs. Lisa Daniel, Marjorie Michel, and Marie Teresa Colbert were negligent and deviated from the Standard of Care by failing to properly evaluate, monitor, and timely intervene by cesarean section when indicated, based on a number of clinical conditions. Drs. Lisa Daniel, Marjorie Michel, and Marie Teresa Colbert failed to recognize on 1/5/18 through 1/7/18, the fetus had recurrent episodes of non-reassuring fetal heart patterns including late variable and prolonged decelerations, Category II tracings, reduced variability and was not tolerating labor. Ms. Clark received multiple doses of Cervidil, Foley balloon, Cytotec and Pitocin over five days with minimal change in here cervix. Drs. Lisa Daniel, Marjorie Michel, and Marie Teresa Colbert failed to recognize that the induction was unsuccessful after a prolonged period of time and the fetus was no longer tolerant of labor. The standard of care required a cesarean section be performed earlier. Had it been done in a timely matter, the fetus and the mother would have been unharmed.

Ms. Clark was only dilated to 2cm before she spiked a fever with diarrhea and vomiting. On 1/7/18, the decision was made to do a cesarean section at 1700 per Dr. Daniel's order. At 1720, Ms. Clark signed the consents. At 1850, the incision was made for a cesarean section, which was one and a half hours later. The infant was born at 1854. This delay further contributed to the fetal infection and demise.

It is further my opinion that the nursing staff at Advocate Trinity Hospital, including, but limited to, Nurse Guadalupe Garcia, Nurse Sharon Wallace Williams, and Nurse Dara Nuzzo, Nurse Lucy Karbeah,

Nurse Aster Loha, Nurse Monica Carter Nurse Marsha Rodney, and Nurse Naomi Sanni failed to utilize the knowledge and exercise the skills of reasonably careful nurses and were negligent during Ms. Clark's labor. The nursing staff deviated from the Standard of Care during active labor by starting and continuing the Pitocin drip when the fetus was not tolerating labor, and failing to communicate/advocate for the patient.

The continuation of the failed induction, deviations from the standard of care and negligent acts and omissions allowed chorioamnionitis to occur, infecting both the mother and fetus, and contributed to ongoing fetal hypoxia. The providers failed to diagnosis sepsis/chorioamnionitis at 1601 on 1/7/18. Even after the infection was present, the doctors did not order appropriate antibiotic coverage.

This is a meritorious cause of action. I reserve the right to amend my opinions after review of any additional documents, depositions, diagnostic film studies, and/or health care records that become available.

# Exhibit B

**CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint *Rasheed Hinton, et al., etc. v. Advocate Health and Hospitals Corporation*, *etc*., *et al*., No. 2019 L 14017 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Chicago Family Health Center, Inc., was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Marie-Teresa Christophe Colbert, M.D., and Lisa De Juana Daniel, M.D., were acting within the scope of their employment at Chicago Family Health Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Chicago Family Health Center, Inc., Marie-Teresa Christophe Colbert, M.D., and Lisa De Juana Daniel, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: March 26, 2021